UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JOSEPH M. CALDWELL,

    Petitioner,

vs.

WILLIAM KNIPP,

    Respondent.

No. C 13-2802 PJH (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on the grounds that the petition is barred by the statute of limitations, and petitioner has filed an opposition. For the reasons that follow, the motion will be granted.

## DISCUSSION

### Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed

application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

The one-year period may start running from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final ninety days after the California Supreme Court denied review); *Bowen*, 188 F.3d at 1159 (same).

Petitioner was sentenced to 56 years to life in prison after a jury convicted him of first degree murder. Motion to Dismiss (MTD), Ex. A at 1. On October 27, 2011, the California Court of Appeal affirmed the judgment. *Id.* The California Supreme Court denied review on January 11, 2012. MTD, Ex. B. Petitioner had ninety days to then file a petition for a writ of certiorari with the United States Supreme Court. *See Bowen*, 188 F.3d at 1159. He did not. Thus, petitioner's one-year limitations period began to run on April 11, 2012, and expired on April 10, 2013. See 28 U.S.C. § 2244(d)(1). The instant federal petition filed on June 13, 2013, is untimely absent tolling.[1] Petitioner did not file any state habeas petitions, thus he is not entitled to any statutory tolling.

Petitioner argues that he is entitled to equitable tolling because he was mistakenly informed that after the California Supreme Court denied review he would be allowed one year plus ninety days in which to file a federal habeas petition. This information is accurate, and the one-year statute of limitations did not begin until April 11, 2012, ninety

---

[1] The court affords petitioner application of the mailbox rule as to all his habeas filings. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

days after the California Supreme Court denied review. Petitioner appears to be mistaken regarding the dates and argues that he should be provided an additional ninety days after the expiration of the statute of limitations on April 13, 2013. As the ninety days were already added after the California Supreme Court denial on January 11, 2012, petitioner is not entitled to a second ninety-day extension. Nor can petitioner's confusion regarding the statute of limitations provide for equitable tolling. A pro se petitioner's lack of legal sophistication alone is not an extraordinary circumstance to justify equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Nor do respondent's requests for extensions to file this motion to dismiss after the petition was filed affect the statute of limitations analysis.

## CONCLUSION

Respondent's motion to dismiss (Docket No. 11) is **GRANTED** as discussed above. The petition is **DISMISSED**. The clerk shall close the file.

## APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that enters a final order adverse to the petitioner to grant or deny a certificate of appealability ("COA") in the order. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at

3

least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.  As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485.  Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here.  *See id.*

Here, the court declines to issue a COA regarding the procedural holding or the underlying claims because reasonable jurists would not find the court's findings debatable. The court therefore **DENIES** a COA.

**IT IS SO ORDERED.**

Dated: August 5, 2014.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.14\Caldwell2802.mtd.wpd

4